UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RADASIA EMANI ROSE BLAYLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00028-JRS-MKK |
| | ) | |
| ROSE-HULMAN INSTITUTE OF TECHNOLOGY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Order**

Defendant Rose-Hulman Institute of Technology ("Rose-Hulman") moves for summary judgment on the ground that *pro se* Plaintiff Radasia Emani Rose Blaylock's claims are time-barred.  Blaylock has responded, opposing the motion, and has moved for leave to file a supplemental declaration and exhibits.  The Court decides as follows.

*Procedural History*

On January 14, 2025, Blaylock filed her Complaint against Rose-Hulman alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 on the basis of race, color, and ethnicity.  (ECF No. 1.)  On August 25, 2025, Rose-Hulman filed Defendant's Motion for Summary Judgment, (ECF No. 20), a Memorandum in Support, (ECF No. 21), and designated evidence in support, including Blaylock's Complaint in this action and Equal Employment Opportunity Commission ("EEOC") records for the Charges filed by Blaylock against Rose-Hulman, Charge Nos. 470-2023-00516 and 470-2024-02485, (Mot. 2 & Exs. 1–4, ECF

No. 20). Rose-Hulman argues that the Court need not reach the merits of Blaylock's claims because they are time-barred. (Mem. in Supp. 1, 9–11, ECF No. 21.) Rose-Hulman filed a Notice Regarding Right to Respond and Submit Evidence in Opposition to Motion for Summary Judgment, (ECF No. 22), informing Blaylock of her right to respond to the summary judgment motion, the deadline for responding, her obligations under Federal Rule of Civil Procedure 56 and Local Rule 56-1, and providing the text of each rule. The Motion, Memorandum, and Notice were all served on Blaylock the same day they were filed. (Mot. for Summ. J. 3, Certificate of Service, ECF No. 20; Mem. in Supp. of Mot. Summ. J. 16, Certificate of Service, ECF No. 21; Notice to *Pro Se* Party 4, Certificate of Service, ECF No. 22.)

On September 25, 2025, Blaylock filed her Memorandum in Opposition to Defendant's Motion, (ECF No. 23), arguing that this action was timely filed, (*id.* at 5). Blaylock did not designate any evidence. Nor did she seek an extension of time within which to designate any evidence. On October 9, 2025, Rose-Hulman filed its reply, (ECF No. 25), and briefing on the summary judgment motion was closed.

On March 2, 2026, Blaylock filed Plaintiff's Motion for Leave to File Supplemental Declaration Regarding Timeliness, (ECF No. 32), attaching her own declaration and supporting exhibits. Rose-Hulman opposes that motion. (Rose-Hulman's Resp. in Opp'n to Pl.'s Mot. for Leave to File Suppl. Decl. Regarding Timeliness, ECF No. 33.)

*Supplemental Declaration*

Blaylock moves for leave to file a supplemental declaration in opposition to Rose-Hulman's summary judgment motion. She asserts that since she is *pro se*, she did

2

not fully comprehend the need to present evidence in response to Rose-Hulman's summary judgment motion, specifically as to timeliness and equitable tolling. (Pl.'s Mot. for Leave to File Suppl. Decl. 1–2, ECF No. 32.)

Even a *pro se* litigant must comply with summary judgment procedural rules. *Metro. Life Ins. Co. v. Johnson,* 297 F.3d 558, 562 (7th Cir. 2002). Under the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020).

The Court does not find that Blaylock's untimely filing of her declaration and exhibits was because of excusable neglect. Blaylock states that she did not fully appreciate the need to present evidence in opposing the summary judgment motion, but she should have—Rose-Hulman served her with a Notice Regarding Right to Respond and Submit Evidence in Opposition to Motion for Summary Judgment, (ECF No. 22), explicitly informing her of her right to respond to the summary judgment motion, the deadline for responding, her obligations under Federal Rule of Civil Procedure 56 and Local Rule 56-1, and the text of each rule. The information provided to her included: "This motion [for summary judgment] is based on the evidence presented in the affidavits and documents attached to or referenced in the motion for summary judgment" and "a failure to properly respond [to the motion for summary

judgment] will be the same as failing to present any evidence in your favor at a trial." (Notice 1–2, ECF No. 22.)  Blaylock was provided the text of S.D. Ind. L.R. 56-1(b), which reads in part:  "**Non-Movant's Obligations.**  A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a response brief and *any evidence* (that is not already in the record) that the party relies on to oppose the motion."  (Notice, ECF No. 22-2 (emphasis added) (quoting text of S.D. Ind. L.R. 56-1(b).)  Blaylock's belated filing of evidence came over five months late and fails to explain why she was unable to understand her need to present evidence in opposition to Rose-Hulman's motion for summary judgment when the Notice expressly informed her of that obligation.  Therefore, Blaylock's Motion for Leave to File Supplemental Declaration Regarding Timeliness, (ECF No. 32), is **denied**.

*Summary Judgment*

Rose-Hulman moves for summary judgment, contending that all of Blaylock's Title VII claims are time-barred because she did not file her Complaint within 90 days of receiving her Notice of Right to Sue.  "Summary judgment is appropriate only when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Lohmeier v. Gottlieb Mem'l Hosp.*, 147 F.4th 817, 825 (7th Cir. 2025) (citing Fed. R. Civ. P. 56(a)).

Blaylock filed a Charge of Discrimination against Rose-Hulman alleging discrimination based on her race and sex and retaliation, in violation of Title VII.  On June 24, 2024, the EEOC issued to Blaylock a Dismissal and Notice of Right to Sue,

informing her of the dismissal of her Charge and her right to sue. (ECF No. 20-3 at 8.) The Notice provided that if Blaylock files a lawsuit based on the Charge, her lawsuit must be filed within 90 days of her receipt of the Notice. (*Id.*)

Blaylock filed another Charge of Discrimination against Rose-Hulman, again alleging discrimination based on race and retaliation and adding a claim of sexual harassment. (ECF No. 20-4 at 104.) On October 14, 2024, the EEOC issued to Blaylock and Blaylock received a Determination and Notice of Rights. (ECF No. 20-4 at 8, 12.) The Notice informed Blaylock of the dismissal of her second Charge and her right to sue and informed her that any lawsuit based on the Charge must be filed within 90 days of her receipt of the Notice. (ECF No. 20-4 at 8, 10.) Blaylock received the Notice on October 14, 2025. (ECF No. 20-4 at 12.)[1] Blaylock filed her Complaint in this case on January 14, 2025. (Compl., ECF No. 1; Desig. Evid., Ex. 1, ECF No. 20-1.)

*90-Day Filing Requirement*

A Title VII plaintiff must file her action within 90 days after receiving her right-to-sue notice that accompanies the agency's final decision. 42 U.S.C. § 2000e-5(f)(1); *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021). The Seventh Circuit has held that the 90-day clock starts ticking when the plaintiff receives the final agency decision and notice the right to sue. *Lax*, 20 F.4th at 1182–83 (affirming dismissal of action as time-barred where plaintiff filed his complaint on the 91st day after receipt

---

[1] Blaylock admits that she received the EEOC's final determination and Notice of Right to Sue on October 14, 2024, and that she understood she had 90 days to file a civil action. (Blaylock Decl. ¶ 1–4, ECF No. 32-1.)

of the right to sue letter); *see also Kinder v. Marion Cnty. Prosecutor's Office*, 132 F.4th 1005, 1008–09 (7th Cir. 2025) ("*Lax* . . . start[s] the countdown—at a minimum—when [the plaintiff] had notice of the agency's final decision.").

Blaylock did not file her Complaint within 90 days of her June 24, 2024, receipt of the Notice of Right to Sue as to her first Charge.  Nor did she file her Complaint within 90 days after she received the Notice of Right to Sue as to her second Charge. Blaylock received the second Notice on October 14, 2024; ninety days after was January 12, 2025, which was a Sunday, so under Fed. R. Civ. P. 6(a)(1)(C), the deadline for filing her Complaint became January 13, 2025.  Blaylock did not file her Complaint until January 14, 2025.  Her Complaint is therefore time-barred.

And even if Blaylock were permitted to supplement her summary judgment response, Rose-Hulman would still be entitled to judgment as a matter of law.  The 90-day time limit to file a Title VII action is like a statute of limitations and subject to waiver and equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–98 (1982).  "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  "Courts may extend statutory deadlines when 'external obstacles' that are 'both extraordinary *and* beyond a party's control' prevent timely filing."  *Kinder*, 132 F.4th at 1009 (quoting *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017)).

In explanation for her untimely filing, Blaylock concentrates on the last approximately two weeks of the 90-day period, saying that on January 2, 2025, her mother was admitted to the hospital; on January 3, Blaylock was with her mother in the hospital while her mother underwent a cardiac echocardiogram in the morning; on January 4, Blaylock was informed her father had cancer; during the week of January 6 to 13, she was in regular communication with her father while he was hospitalized; on January 11, 12, and 13, Blaylock worked overnight shifts from 8:30 p.m. to approximately 8:00 a.m. the following day; on January 13, she "was either recovering from an overnight shift . . . or preparing to report for [her] next overnight shift"; and her "next scheduled day off was January 14." (Blaylock Decl. ¶¶ 7–17, ECF No. 32-1.) According to Blaylock, she filed her Complaint "at the first available opportunity on [her] first non-working day." (*Id.* ¶ 18.) She further explains that:

> [d]uring the period immediately preceding the filing deadline, [she] was simultaneously managing [her] mother's hospitalization, [her] father's cancer diagnosis and hospitalization, caregiving coordination, and consecutive overnight work shifts, which significantly impacted [her] ability to address legal matters during standard business hours.

(*Id.* ¶ 19.)

The Court sympathizes with the circumstances Blaylock faced in the period immediately preceding the filing deadline. However, she has not explained how she was prevented from timely filing her Complaint by January 13. Her night shift ended at approximately 8:00 a.m. that day; in January 2025, the Clerk's Office was open from 8:30 a.m. to 4:30 p.m. ET. Thus, on January 13, Blaylock had time available during the day to file her Complaint. Even though she was recovering from one

7

overnight shift and preparing for another, Blaylock could have made the time during the hours the Clerk's Office was open to file her Complaint. In addition, Blaylock waited until the last minute to file her Complaint, which cannot be said to have been the diligent pursuit of her rights.

The Court finds Blaylock has not shown that she pursued her rights diligently and that some extraordinary circumstance prevented her from timely filing her Complaint. Rather, she has shown that her circumstances made the timely filing of her Complaint more challenging. Blaylock is not entitled to equitable tolling.

Blaylock's action is time-barred and Rose-Hulman is entitled to judgment as a matter of law.

### *Report & Recommendation*

The Magistrate Judge has issued a Report & Recommendation (R&R), recommending that the Complaint be dismissed without prejudice in light of Blaylock's repeated failure to comply with court orders and attend scheduled conferences. (ECF No. 35.) The grant of Rose-Hulman's summary judgment motion moots that R&R.

### *Conclusion*

Plaintiff's Motion for Leave to File Supplemental Declaration Regarding Timeliness, (ECF No. 32), is **denied** and Defendant's Motion for Summary Judgment, (ECF No. 20), is **granted**. This order **moots** the Magistrate Judge's Report &

Recommendation.  (ECF No. 35.)  The Clerk shall enter final judgment in favor of Rose-Hulman and close this case.

**SO ORDERED.**

Date: _____3/16/2026_____

_____

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

RADASIA EMANI ROSE BLAYLOCK
601 S. 22nd Street
Terre Haute, IN 47803

By CM/ECF to registered counsel of record

9